UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

| | |
|---|---|
| DENLYN, INC., d/b/a SAVANNAH MANOR | CIVIL ACTION: |
| Plaintiff, | |
| v. | JUDGE: |
| ASPEN SPECIALTY INSURANCE COMPANY, | |
| Defendant. _____/ | |

## NOTICE OF REMOVAL

Defendant, Aspen Specialty Insurance Company ("Aspen"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Denlyn, Inc. d/b/a Savannah Manor v. Aspen Specialty Insurance Company*, Case No. 19-CA-1474 on the docket of the Circuit Court of the Fifth Judicial District in and for Lake County, Florida. In Support of its Notice of Removal, Aspen respectfully represents:

1. Plaintiff commenced the captioned action by filing a Complaint in the Circuit Court of the 5th Judicial District for Lake County, Florida. A copy of all process and pleadings served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith. (A copy of the Citation and Complaint is also attached herein as Exhibit A.)

2. In the Complaint, Plaintiff avers that Aspen issued a policy of insurance to

1

Plaintiff for commercial property located at 1027-1029 W. Main Street, Leesburg, FL (the "Property") (Complaint, ¶ 3). The Property is a nursing home.

3. Plaintiff alleges the Property sustained "severe property damage" to its roof and interior as a result of Hurricane Irma on or about September 10, 2017. (Complaint, ¶ 5). Plaintiff contends Aspen breached its contract of insurance with Plaintiff by failing to "properly investigate and handle the claim in a timely manner," "act fairly and honestly in handling the claim," "offer any lawful explanation for delays and/or denial of the claim," "timely investigate Denlyn's claim, conduct an inspection or examination under oath of the insured," and "timely pay Denlyn's claim." (Complaint ¶ 25).

4. Plaintiff alleges it is entitled to compensatory, consequential and special damages due to "continued water intrusion into the Property." (Complaint ¶ 27).

5. Plaintiff asserts a claim for attorneys' fees and court costs. (Complaint, ¶ 28).

6. Plaintiff also asserts statutory and common law bad faith claims against Aspen. (Complaint ¶¶ 29-34, 35-40).

7. Plaintiff did not assert a specific dollar demand in the Complaint. However, Plaintiff incorporated, as a portion of Exhibit "D" to its Complaint, a demand for $133,420 for roof repairs plus numerous other repair expenses. (A copy of the demand is attached herein as Exhibit B). Therefore, the amount in controversy in this lawsuit exceeds $75,000.

8. This Notice of Removal is filed within 30 days receipt of the Summons and Complaint by Aspen. Aspen received service of the Complaint and Summons through its registered agent, Corporation Service Company, on July 16, 2019. (*See* Exhibit A). Therefore, this Removal is timely.

## DIVERSITY JURISDICTION

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

10. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a Florida corporation with its principal place of business in Florida. (Complaint, ¶ 1). Aspen, on the other hand, is organized under the laws of North Dakota, with its principal place of business in Connecticut.

11. As discussed above, Plaintiff did not plead a specific amount of recovery in the Complaint. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed". *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001). The Court is permitted to review the record for evidence supporting removal jurisdiction when the pleadings are inadequate. *Id.*

12. As demonstrated above, Exhibit D to Plaintiff's Complaint, which was previously submitted to Aspen during the pendency of Plaintiff's claim, demonstrates that Plaintiff's claim for breach of contract seeks damages well in excess of $75,000. Moreover, for the purpose of diversity jurisdiction, attorneys' fees are included as part of

the amount in controversy. *Smith v. GTE Corp.,* 236 F.3d 1292 (11th Cir. 2001). As such, the asserted claim for attorneys' fees (if recoverable), further supports the conclusion that the amount in controversy exceeds $75,000.

13. Based on the totality of the evidence in the record before the Court, the amount in controversy exceeds the $75,000 threshold, and that the Court's exercise of diversity jurisdiction in this matter is proper.

## REMOVAL PROCEDURE

14. A copy of this Notice of Removal is being served upon all known counsel of record. A copy of a Notice of this Removal is being filed with the Clerk of Court for the Circuit Court for the Fifth Judicial District for Lake County, Florida.

15. Copies of all process, pleadings, and orders served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

WHEREFORE, Defendant, Aspen Specialty Insurance Company, hereby provides notice that this action is duly removed.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

  */s/ Sarah H. Didlake*
**SARAH H. DIDLAKE**
Florida Bar No. 1015831
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Tel.: (504) 586-9292 | Fax: (504) 586-1290
Primary: shd@lcba-law.com
Secondary: FLService@lcba-law.com

*Attorneys for Aspen Specialty Insurance Company*

## Certificate of Service

**I hereby certify** that on August 13, 2019, I served the foregoing document on counsel for Plaintiff, Edward P. Jordan II, at the designated e-mail addresses: pleadings@epjordanlaw.com, Edward@epjordanlaw.com, and Lori@epjordanlaw.com.

　　　　　　　　　　　　　　　　　*/s/ Sarah H. Didlake*